LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2013 JUL 10 PM 4: 58

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM**<br><br>v.<br><br>**KENNETH K. WRIGHT, DARREN J. WRIGHT, CHARLENE D. MANIBUSAN, BRITTNEY N. ADELBAI, STONI AMBER M. TAITANO, KALANI M. MARTINEZ, and ANTHONY JOSEPH W. SANTOS**<br><br>Defendants. | **CRIMINAL CASE NO. CM472-13**<br><br>**DECISION AND ORDER**<br><br>(Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 2, 2013, on Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*. Assistant Attorney General Christine S. Tenorio appeared on behalf of the People of Guam ('the People"). Defendant Kenneth K. Wright was represented by Attorney Douglas B. Moylan; Defendant Darren J. Wright was represented by Attorney Sylvia L.G. Stake; Defendant Charlene D. Manibusan was represented by Attorney Leslie A. Travis; Defendant Brittney N. Adelbai was represented by Attorney Jeffery A. Moots; Defendant Stoni Amber M. Taitano was represented by Attorney Joaquin C. Arriola, Jr.; Defendant Kalani M. Martinez was represented by Attorney B. William Jones; and Defendant Anthony Joseph W. Santos was represented by Alternate Public Defender Ana Maria C. Gayle. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by all parties, the Court hereby issues this Decision and Order GRANTING Defendants' Motions.

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)     Page 1 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12
and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*



ORIGINAL

# BACKGROUND

On May 19, 2013, Defendants Charlene D. Manibusan, Stoni Amber M. Taitano, Kalani M. Martinez, and Brittney N. Adelbai were all charged with one count each of Assault (as a Misdemeanor) and one count each of Disorderly Conduct (as a Petty Misdemeanor). Compl. (May 20, 2013). Defendants Kenneth K. Wright, Darren J. Wright, and Anthony J. W. Santos were all charged with one count each of Unlawful Restraint (as a Misdemeanor) and one count each of Disorderly Conduct (as a Petty Misdemeanor). Id. Defendant Charlene Manibusan was arraigned on June 5, 2013 and pled not guilty to both charges. Super. Ct. of Guam Minute Entry Log No. 102909 (June 5, 2013). All other Defendants were arraigned on May 29, 2013 and pled not guilty to all charges. Super Ct. of Guam Minute Entry Log No. 10268 (May 29, 2013). Defendants Anthony J.W. Santos and Stoni Amber M. Taitano asserted their rights to speedy trial. Id. All other Defendants waived their rights to speedy trial. Id.

On June 10, 2013, Defendant Kenneth K. Wright filed a Motion to Dismiss for Civil Compromise or as De Minimis with the Superior Court of Guam. That same day, Defendant Darren J. Wright filed a Motion to Dismiss Charges 11 and 12. On June 28, 2013, the People filed its Opposition to Defendant Kenneth K. Wright's Motion to Dismiss, and on July 1, 2013, the People filed its Opposition to Defendant Darren J. Wright's Motion to Dismiss. Prior to the scheduled motion hearing, all Defendants, through the Law Offices of Cunliffe and Cook, signed and submitted a Civil Compromise. This document stated inter alia that all parties had reached a civil compromise over the incident and request that charges in the instant case be dropped pursuant to 8 GCA § 80.90. Civil Compromise (July 2, 2013).[1] The Court heard the

---

[1] The Civil Compromise document was submitted to the Court prior to the scheduled motion hearing on July 2, 2013, but was not filed with the Superior Court of Guam until after that date.

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai,
Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)          Page 2 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12
and Defendants' Motion to Dismiss for Civil Compromise or as De Minimis

matter on July 2, 2013 wherein all parties joined in Defendant Kenneth K. Wright's Motion to Dismiss for Civil Compromise or as *De Minimis*.

## DISCUSSION

### A. Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12

The first issue this Court will address is Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12. Defendant moves to dismiss the instant case pursuant to 9 GCA § 7.62(a)-(c), arguing that Defendant lacked the culpable state of mind required to prosecute the offenses charged: Unlawful Restraint under 9 GCA § 22.35 and Disorderly Conduct under 9 GCA § 61.15. Def's Mot. to Dismiss Charges 11 and 12 at 1 (June 10, 2013).

Defense argues that Defendant Darren J. Wright, as well as the other male Defendants, possessed no criminal intent required under the aforementioned statutes when restraining the alleged victim, Charlene D. Manibusan. *Id.* at 5. Defense also argues that the Defendant "had the altruistic or the good Samaritan intent to keep the girls from hurting each other." *Id.* Furthermore, Defense contends that Defendant's behavior is "within a customary license or tolerance which is not negated by the so-called 'victim' who was the initial aggressor...." *Id.* In support of this contention, Defense stipulates to the following statement made by Manibusan: "...as I was trying to defend myself, Kenneth Wright, Darren Wright and Ant[h]ony Wright [Santos] were holding me down telling the two other girls to stop." *Id.* at 2 (citing to p. 51, Discovery). Lastly, Defense stresses that any injuries that were sustained as a result of Defendant's conduct were too trivial to warrant conviction. *Id.* at 6.

The People oppose Defendant's Motion, arguing that Defendant's conduct is "not trivial, is absolutely reasonable to prosecute, and matches the conduct the Unlawful Restraint and Disorderly Conduct statutes seek to prevent." People's Opp'n Mot to Dismiss at 3 (July 1,

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

Page 3 of 11

2013). The People also argue that Defendant "caused public inconvenience, annoyance, or alarm or recklessly created a risk thereof when he detained Manibusan without legal authority while other individuals assaulted her." *Id.* at 4. Furthermore, it is the People's position that Defendant "knowingly" held Manibusan to the ground and "recklessly" caused serious harm or inconvenience, thus bearing the requisite state of mind for each of the offenses charged. *Id.*

Guam's *de minimis* prosecution statute provides as follows:

**§ 7.67. Appropriateness of Prosecution.**

A court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a)     Was within a customary license or tolerance, neither expressly negated by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(b)     Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial as to warrant the condemnation of conviction; or

(c)     Presents such other extenuation that it cannot reasonably be regarded as envisaged by the Legislature in forbidding the offense. The court shall not dismiss a prosecution under this subsection without filing a written statement of its reasons.

9 GCA § 7.67 (2005).

Title 9 GCA § 7.67 is modeled after § 2.12 of the Model Penal Code, and The Supreme Court of Guam adopted New Jersey's approach in determining whether prosecution should be dismissed on *de minimis* grounds. *People v. Perez*, 2004 Guam 4 ¶ 11. This approach focuses on objective factors directly related to the defendant's conduct, as well society's interest in the matter. *Id.* at ¶ 12 (citing *State v. Zarrilli*, 523 A.2d 284 (N.J.Super. Ct. Law Div.1987)). The Supreme Court of Guam ruled that "the following factors are relevant to an analysis of § 7.67(b): (a) the circumstances surrounding the commission of the offense; (b) the existence of

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

Page 4 of 11

contraband; (c) the amount and value of property involved; (d) the use or threat of violence; and (e) the use of weapons." *Id.*

In regards to Defendant Darren J. Wright's involvement in the matter before this Court, this Court acknowledges the absence of any contraband, property damage, or use of weapons; however, this Court takes notice of the circumstances surrounding the commission of the offense, as well as the classification of the offense of Disorderly Conduct as involving "violent and tumultuous behavior," as stipulated in the Magistrate's Complaint.

Defendant Darren J. Wright is charged with Unlawful Restraint (as a Misdemeanor) and Disorderly Conduct (as a Petty Misdemeanor). The Court recognizes that Guam's Unlawful Restraint statute is as follows:

### § 22.35. Unlawful Restraint; Defined & Punished.

(a) A person commits the offense of unlawful restraint when he knowingly, without legal authority, detains another.

(b) Unlawful restraint, punishment for. Unlawful restraint is a misdemeanor.

9 GCA § 22.35(a)-(b) (2005).

Guam's Unlawful Restraint statute was created for the purpose of protecting individuals from being held without any legal authority. The commission of such an offense requires that the defendant not only knows that he is detaining another, but that he is doing so without any legal authority. Defense argues that the Defendant restrained the alleged victim with the intent of keeping the victim and the other female Defendants from hurting each other. In cases of Unlawful Restraint or False Imprisonment, the burden is on the defendant to prove justification and that the imprisonment was lawful. *People v. Sagehorn*, 140 Cal.App.2d 138, 147 (1956). In light of the victim's admission that she was, in fact, the initial aggressor in the altercation, this Court is of the opinion that the Defendant's actions may constitute a "defense of others." Such a

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

Page 5 of 11

defense would justify Defendant's conduct in restraining the victim as a means of preventing the altercation from escalating, thus providing the legal authority necessary to render the Unlawful Restraint statute inapplicable in this case. For the aforementioned reasons, this Court finds that the Defendant's conduct did not cause the harm sought to be prevented by the Unlawful Restraint statute.

Guam's Disorderly Conduct statute, as applicable, is as follows:

**§ 61.15 Disorderly Conduct; Defined & Punished.**

(a)    A person is guilty of disorderly conduct, if, with intent to cause public inconvenience, annoyance or alarm, is recklessly creating a risk thereof, he:

(1)    Engages in fighting or threatening, or in violent or tumultuous behavior;

9 GCA § 61.15(a)(1) (2005).

Guam's Disorderly Conduct statute was created to protect the public from inconvenience, annoyance, or alarm. The commission of such an offense requires that the defendant act with the intent to cause inconvenience, annoyance or alarm. As indicated in the Unlawful Restraint analysis *supra*, it appears that the Defendant acted with the intent of preventing the altercation between the female Defendants from escalating. Notwithstanding the fact that Defendant was charged with Disorderly Conduct for "engaging in fighting or violent and tumultuous behavior," in light of the fact that the victim admittedly instigated the dispute, this Court is of the opinion that Defendant was justified in taking action to temper the situation. For the aforementioned reasons, this Court finds that Defendant's conduct did not cause the harm sought to be prevented by the Disorderly Conduct statute.

In light of the aforementioned legal and fact-based analyses provided, this Court finds dismissal of charges 11 and 12 pursuant to 9 GCA § 7.62(a)-(c) to be appropriate.

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

Page 6 of 11

## B. Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

The next issue this Court will address is Defendant Kenneth K. Wright's Motion to Dismiss for Civil Compromise or as *De Minimis*. All other Defendants joined in this Motion to Dismiss. Defendants move the Court to dismiss the instant Complaint pursuant to 8 GCA § 80.90, as well 9 GCA § 7.67. This Court will address each part of the Motion separately.

### 1. Defendants' Motion to Dismiss pursuant for Civil Compromise

In regards to dismissal pursuant to 8 GCA § 80.90, Defense stipulates that the alleged victim in the matter has civilly compromised her claim against the Defendants. Def's Mot. to Dismiss for Civil Compromise or as *De Minimis* at 3 (June 10, 2013). Furthermore, in support of this assertion, Defense counsel for Defendant Brittney Adelbai submitted a Civil Compromise document signed by all Defendants stipulating that all parties have reached a civil compromise over the incident. Civil Compromise (July 2, 2013).

The People oppose dismissal under 8 GCA § 80.90, arguing "Unlawful Restraint is not a crime in which the person injured would almost always have a civil action for damages." People's Opp'n Mot. to Dismiss for Civil Compromise or as De Minimis at 3 (June 28, 2013). Furthermore, it is the People's opinion that "satisfaction of the victim's injury is best addressed through the rehabilitation of the Defendant through the criminal justice system." *Id.*

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

### § 80.90 Misdemeanors May be Compromised; Procedure.

(a)     When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)     Page 7 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12
and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90 (2005).

Title 8 GCA § 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)      Page 8 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

In the matter before this Court, the four female Defendants were all charged with Assault (as a Misdemeanor) as well as Disorderly Conduct (as a Petty Misdemeanor), while the three male Defendants were all charged with Unlawful Restraint (as a Misdemeanor) and Disorderly Conduct (as a Petty Misdemeanor). This Court will first analyze the Assault and Disorderly Conduct charges in accordance with the factors stipulated in *Moulton*.

a. *Moulton* **Analysis—Assault and Unlawful Restraint**

As indicated in *Moulton*, by its nature, Assault is a crime in which the person injured would almost always have a civil remedy for damages. *Id.* at 21. While the People argue that the offense of Unlawful Restraint is not a crime that may be resolved civilly, this Court is of the opinion that the crime of Unlawful Restraint, as defined under 9 GCA § 22.35, may be settled civilly under the common-law tort of False Imprisonment, defined as "the unlawful restraint against his or her will of an individual's personal liberty or freedom of movement...." 35 C.J.S. *False Imprisonment* § 1 (2013). Since a civil remedy was readily available for the offenses of Assault and Unlawful Restraint at the inception of this case, it may be deduced that the civil injuries, at least in regards to the two aforementioned offenses, were coextensive with the respective criminal violations in accordance with *Moulton*.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Moulton*, 131 Cal.App.3d Supp. 10, 23. In the instant case, the alleged victim was the initial aggressor in the altercation and is also one of the Defendants. The injuries suffered were minor and although the incident occurred in a public

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)   Page 9 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12
and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

settling, there were no other victims in this case. In light of the circumstances surrounding the instant matter, it is the opinion of this Court that the injury to the public with respect to the Assault and Unlawful Restraint charges would be fully vindicated through private settlement.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the victim of the Assault and Unlawful Restraint charges, who is also one of the Defendants in this case, signed the Civil Compromise document declaring under penalty of perjury that all parties had reached a compromise and had resolved their differences. It does not appear that any form of coercion was involved in the forming of this settlement. Furthermore, it is noteworthy to mention that the alleged victim was present at the motion hearing on July 2, 2013 and stipulated before the Court that she did not object to settlement through civil compromise.

For the aforementioned reasons, it is the opinion of this Court that civil compromise would be appropriate in regards to the charges of Assault and Unlawful Restraint.

### b. *Moulton* Analysis—Disorderly Conduct

In regards to the charge of Disorderly Conduct, this Court acknowledges the fact that such an offense is a crime against the public and, therefore, would not ordinarily have a civil remedy readily available. Notwithstanding the fact that a civil remedy would not ordinarily be available in cases of Disorderly Conduct, this Court is of the opinion that civil compromise would nevertheless be appropriate in this matter considering the circumstances of the case.

All Defendants were charged with Disorderly Conduct as a result of their unlawful behavior. This unlawful behavior subsequently gave rise to their respective Assault and Unlawful Restraint charges. As stipulated in the previous *Moulton* analysis, this Court finds that the Assault and Unlawful Restraint offenses may be compromised civilly. Had it not been for

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12 and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*

Page 10 of 11

the conduct that led to the charges of Assault and Unlawful Restraint, it is likely that the Defendants would not have been charged with Disorderly Conduct. In light of this analysis, and in the interest of judicial economy, this Court is of the opinion that dismissal of the Disorderly Conduct charge should coincide with dismissal of the Assault and Unlawful Restraint charges.

**2. Defendants' Motion to Dismiss as *De Minimis***

In light of this Court's finding that dismissal of this pending matter due to civil compromise would be appropriate, this Court therefore finds the issue of dismissal based on *de minimis* grounds hereby rendered moot.

## CONCLUSION

By preponderance of the evidence and based on the reasons stipulated in Section A of this Decision and Order, the Court **GRANTS** Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12. Furthermore, by preponderance of the evidence and based on the reasons stipulated in Section B of this Decision and Order, the Court hereby **GRANTS** Defendants' Motion to Dismiss for Civil Compromise.

**SO ORDERED** this _10_ day of JULY, 2013.

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 10 2013

Alvimar D. Quitoriano
Deputy Clerk, Superior Court of Guam

People v. Kenneth K. Wright, Darren J. Wright, Charlene D. Manibusan, Brittney N. Adelbai, Stoni Amber M. Taitano, Kalani M. Martinez, and Anthony Joseph W. Santos (CM 472-13)          Page 11 of 11
Decision and Order –Defendant Darren J. Wright's Motion to Dismiss Charges 11 and 12
and Defendants' Motion to Dismiss for Civil Compromise or as *De Minimis*